UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DUAN LAMAR MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-CV-107-ZMB |
| | ) | |
| THOMAS R. KLINE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER OF DISMISSAL

This matter is before the Court on Defendants Chrisopher Gomez, Jason Itkin, Thomas Kline, Stephen Seller, and Paul Crouch's motions to dismiss self-represented Plaintiff Duan Lamar Moore's Complaint, Docs. 41, 43, and Crouch's motion to strike an unauthorized surresponse Moore filed, Doc. 55. In their motions to dismiss, all Defendants contend that the Eastern District of Missouri is an improper venue. Because no substantial event giving rise to Moore's claims occurred in Missouri, Defendants are correct that this District is not a proper venue. Further, because the claims Moore brings are specious, and because his litigation conduct has been borderline abusive, the Court finds that the interests of justice do not warrant transfer in lieu of dismissal of this action. As such, the Court dismisses this case without prejudice. And because Moore's surresponse does not address impact the venue analysis, the Court denies as moot the motion to strike it.

### BACKGROUND

### I.       Factual Background

Moore hired Defendants as attorneys to represent him in a medical liability case relating to symptoms he developed from taking Risperdal. *See* Doc. 1 at 6. Although the timeline in Moore's Complaint is hard to follow, it appears he was displeased with their representation. *Id.* According to Moore, his attorneys forged his signature, entered into some class action in either Pennsylvania

or Texas state court, and took 45% of his settlement funds for attorney's fees "plus [] 30% without [him] knowing the whole [percentage]." *Id.* at 6–8. Moore apparently has tried to bring attorney disciplinary proceedings against Defendants as well—without success. *Id.* at 8. None of his attorneys are licensed to or regularly practice in Missouri, and Moore does not allege that the scope of his representation involved matters litigated in Missouri. *See id.* at 6–8.

## II.    Procedural History

Moore first filed suit in 2025. *See Moore v. Itkins*, No. 4:25-CV-1180-JMB, Doc. 1 (E.D. Mo. Aug. 5, 2025) ("*Moore I*"). In that action, Moore also moved to proceed in forma pauperis. *Id.* Doc. 3. But before the Court[1] could rule on that motion, Moore filed the instant case and paid the full $405 filing fee. *See* Doc. 1. The Court then entered an order dismissing *Moore I*—partially due to the present action, but also because Moore misrepresented his income in his application to proceed in forma pauperis. *See Moore I*, Doc. 9.

The instant Complaint asserts claims for unauthorized practice of law under Missouri law and "misrepresentation/dishonesty" because Moore's attorneys purported to be "nationwide" while not licensed to practice in Missouri, thereby violating their duties under "ABA Model Rule 8.4." Doc. 1 at 4.[2] A smattering of motion practice followed, *see* Doc. 62, including the motions to dismiss, *see* Docs. 41, 43. Moore opposed dismissal the same day as the motions were filed, *see* Doc. 45, and only Crouch filed a reply, Doc. 49. Moore then filed an unauthorized surresponse, Doc. 54, and Crouch moved to strike it, Doc. 55. The matter is now ripe for adjudication.

---

[1] That case was assigned to the Honorable John M. Bodenhausen and, later, to the Honorable Henry E. Autrey.

[2] Although Moore claims these are "federal questions," they are not federal statutes. *See Kellum v. Glister-Mary Lee Corp. Grp. Health Benefit Plan*, 115 F.4th 849, 852–53 (8th Cir. 2024) ("A case arises under federal law most directly when federal law creates the cause of action asserted." (quotations omitted)). However, given that Moore seeks "4million plus legal fees 92,608," and the Complaint establishes complete diversity, Doc. 1 at 3–5, the Court has diversity jurisdiction, *see* 42 U.S.C. § 1332(a).

## LEGAL STANDARD

A defendant may respond to a complaint by moving to dismiss or transfer a case for improper venue. FED. R. CIV. P. 12(b)(3). In an action such as this, venue is proper in "(1) a judicial district in which any defendant resides, if all defendants are residents of the [forum] State," "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred," or, if neither of those apply, (3) "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). "When venue is challenged, the court must determine whether the case falls within one of [these] three categories." *Atl. Marine Const. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 56 (2013). "If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Id.* A plaintiff bears the initial burden of showing that their chosen venue is proper. *See, e.g.*, *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004); *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005). But once the Plaintiff puts forward facts sufficient to support venue in the chosen forum, the burden shifts to the defendant to show why the chosen forum is improper through affidavit and facts outside of the pleadings. *C.H. Robinson Worldwide v. Tu*, 2019 WL 7494686, at *2 (D. Minn. Dec. 20, 2019). When considering venue under section 1392(a), the Court does not "ask which district among two or more potential forums is the 'best' venue" but, rather, "whether the district the plaintiff chose had a substantial connection to the claim." *Setco Enters. v. Robbins*, 19 F.3d 1278, 1281 (8th Cir. 1994) (citation omitted).

3

## DISCUSSION

In their motions to dismiss, Defendants contend that the Eastern District of Missouri is an improper venue because Moore has failed to allege that any events took place here. *See* Doc. 42 at 16–17; Doc. 44 at 14–15. Moore argues[3] that venue is proper because his underlying injury related to Risperdal occurred in Missouri, and Defendants "held themselves out as capable of handling cases nationwide and accepted representation involving a Missouri-based claim." Doc. 45 at 1. Moore also contends that he "suffered harm in Missouri" due to Defendants' actions. *Id.*

Moore has not demonstrated that venue is proper in this District. Because no Defendant resides in the Eastern District of Missouri, the venue analysis turns on whether "a substantial part of the events or omissions giving rise to the claim occurred" in this District. *See* 28 U.S.C. § 1391(b)(2). In determining what events are substantial, the Court considers the "conduct of the parties" in relation to the "nature of the dispute." *Catipovic v. Turley*, 2012 WL 2089552, at *15 (N.D. Iowa June 8, 2012) (citations omitted). "When determining whether a substantial part of the events occurred in a forum, the court's focus must be on relevant activities of the defendant in the forum state, not on the effect of those activities on the plaintiff in the forum state." *Paragon Freight Sys. v. River City Ins. Agency*, 2021 WL 3636062, at *3 (D. Minn. Aug. 17, 2021) (quotation and emphasis omitted). Moore alleges only that he was injured by Risperdal in Missouri and that he has felt the effects of Defendants' misdeeds here. But merely experiencing the effects of Defendants' conduct does not make this District a proper venue. *See Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995) ("[I]f Congress had wanted to lay venue where the plaintiff was residing when he was injured, it could have said so expressly."); *see also Estate of Lamoree' Moore v. Alpha*

---

[3] Crouch moved to strike Moore's surresponse because he failed to first seek leave of court before filing it. *See* Doc. 55. While a party must obtain leave before filing additional memorandum, s*ee* E.D. Mo. L.R. 4.01(C), the surresponse does not address the venue analysis that justifies dismissal. As such, the Court denies Crouch's motion to strike as moot.

4

*Kappa Alpha Sorority, Inc.*, No. 4:25-CV-936-ZMB, 2026 WL 1704765, at *3–4 (E.D. Mo. June 12, 2026) (finding this District was an improper venue where the plaintiffs' daughter died in Missouri as a result of the defendants' conduct in Illinois). Further, the Complaint fails to allege that *Defendants* did anything in the Eastern District of Missouri related to this case. In fact, Moore expressly describes how Defendants acted improperly in Pennsylvania and Texas without identifying any actions in Missouri. *See* Doc. 1 at 6–8. Because none of the events giving rise to Moore's claim occurred in this District, venue is not proper in it.

The Court also concludes that Moore's case should be dismissed rather than transferred. When an action is filed in the wrong venue, the Court may either "dismiss, or if it be in the interest of justice, transfer [the improperly filed] case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). But the interests of justice do not warrant transfer of this case. Although Moore is acting pro se, he has engaged in a pattern of behavior that at least borders on abusive. *See* Doc. 62; *see also Greene v. San Diego Cnty.*, No. 4:25-cv-00666-NCC, 2025 WL 1369963, at *2 (E.D. Mo. May 12, 2025) (declining transfer under section 1406 because a pro se plaintiff demonstrated a pattern of abusive behavior). Additionally, *Moore I* bolsters the decision not to transfer this case. The Court found not only that Moore had made untruthful representations but also that Moore's claims were "legally frivolous." *Moore I*, Doc. 9 at 4–6. While not binding, the undersigned finds this reasoning persuasive. In short, Moore has not acted appropriately through the course of this litigation, and his claim is likely unmeritorious in any event. As such, the interests of justice do not favor transfer, and the action is dismissed without prejudice.

5

**CONCLUSION**

Accordingly, the Court **GRANTS** Defendants' [41] [43] motions to dismiss, **DENIES** as moot Defendant Paul Crouch's [55] motion to strike Plaintiff Duan Lamar Moore's surresponse, and **DISMISSES** this case without prejudice.

So ordered this 8th day of July 2026.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE